**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Naseef Bryan, Jr.

    v.                                  Civil No. 23-cv-341-LM-AJ

U.S. Citizenship and
Immigration Services et al.

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Naseef Bryan, Jr.'s complaint (Doc. No. 1) filed in forma pauperis, naming U.S. Citizenship and Immigration Services ("USCIS") and "T. Monfet" of the USCIS Bedford Field Office, as defendants. Also before the court are Mr. Bryan's filings, liberally construed as addenda to the Complaint, including specifically, Doc. No. 3 and his "Supplement Complaint" (Doc. No. 4). The matter is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

The court may dismiss claims asserted by a plaintiff who is proceeding in forma pauperis, if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2). To determine whether to

dismiss for failure to state a claim, the court strips away legal conclusions; takes as true the factual content in the complaint as a whole, and the inferences reasonably drawn from those facts; and considers whether the plaintiff has stated a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Mr. Bryan was born in Jamaica. He arrived in the United States as child. He has been living in the United States for more than ten years. His permanent U.S. resident card expired on December 6, 2022. His N.H. Driver's License was set to expire on December 23, 2023. He asserts that his lack of proof of citizenship and lack of a valid government ID have interfered with his ability to obtain housing, financial aid, and a job.

Mr. Bryan has sought to become a naturalized citizen. He filed a naturalization application in late 2022, which the USCIS rejected as incomplete and lacking the appropriate fee. See Doc. No. 1-2, at 3. The USCIS Bedford Field Office received Mr.

Bryan's refiled naturalization application (accompanied by a fee waiver application) in January 2023.  Mr. Bryan is unsure of the status of his naturalization application as he has not received correspondence or useful information from any USCIS staff member since early 2023.

After filing his application, Mr. Bryan spoke with defendant Monfet in early 2023.  Monfet advised Mr. Bryan that he needed to supplement his application with child support documents, because Mr. Bryan reported having a child.

Mr. Bryan claims that the USCIS has unreasonably and illegally delayed issuing any decision on his naturalization application, and that defendants have unlawfully conditioned his application on his production of child support documents.  He claims that the defendants have violated his rights under the Declaration of Independence, the Fourth Amendment Search and Seizure Clause, the Seventh Amendment, the Eighth Amendment Excessive Bail and Cruel and Unusual Punishment Clauses, the Ninth Amendment, the Tenth Amendment, and the "Fourteenth Amendment," as well as his rights under the N.H. Constitution.  In addition, he claims that defendants engaged in unlawful and oppressive conduct, amounting to federal crimes.  Mr. Bryan asks this court to order defendants to explain why his naturalization

application has not been approved, to order damages for costs he has incurred because of his lack of proof of citizenship, and to direct that he receive a U.S. Passport.

Construing plaintiff's filings liberally, this court concludes that he has invoked this court's federal question jurisdiction, as well as the court's jurisdiction under 8 U.S.C. § 1447(b), which authorizes this court to rule on claims asserting a delayed decision on a naturalization application:

> If there is a failure to make a determination under [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Id. § 1447(b).

## Discussion

I.    Statutory Delay Claim

Mr. Bryan has alleged facts sufficient to state a claim against the USCIS under 8 U.S.C. § 1447(b), regarding the alleged failure to issue a decision on his January 2023 naturalization application.  "'In actions brought under 8 U.S.C. § 1447(b) to compel a decision on a naturalization application after an

4

unreasonable delay, the only effective relief that a court can provide is a decision on the application itself.'" Usoh v. USCIS, No. 2:22-cv-01470-SAL-MGB, 2023 WL 4998550, at *3, 2023 U.S. Dist. LEXIS 126908, at *7 (D.S.C. Mar. 30, 2023), R&R approved, 2023 WL 4634955, 2023 U.S. Dist. LEXIS 125972 (D.S.C. July 20, 2023), appeal filed, No. 23-6823 (4th Cir. Aug. 23, 2023).  In the Order issued this date the court has directed the USCIS to file an answer or other response to Mr. Bryan's § 1447(b) claim.

II.  Procedural Due Process Claim

Mr. Bryan has asserted a "Fourteenth Amendment" claim, which this court liberally construes as asserting that the federal defendants violated his Fifth Amendment right to due process.  To state a claim for relief for a violation of the right to procedural due process, a plaintiff must allege facts showing the deprivation of a protected interest in life, liberty, or property and that the procedures attendant upon that deprivation were constitutionally insufficient. Gonzalez-Fuentes v. Molina, 607 F.3d 864, 886 (1st Cir. 2010).

Plaintiff has alleged sufficient facts regarding his eligibility for naturalization and the timing of his

correspondence with representatives at the USCIS Bedford Field Office, to warrant a response to his procedural due process claim regarding his naturalization application.  Without prejudice to defendant USCIS's ability to move to dismiss Mr. Bryan's federal due process claim on any basis, in the Order issued this date, the court has directed service of this claim for injunctive relief, asserted against the USCIS, with respect to the agency's alleged failure to issue a timely decision on Mr. Bryan's naturalization application.

III. Remaining Claims

    A.    Federal Criminal Statutes

    Mr. Bryan has claimed that defendants are liable for violations of federal criminal laws.  He cites 18 U.S.C. § 241 and 26 U.S.C. § 7214.  Section 7214 relates to federal employee misconduct in connection with any "revenue law of the United States."  Id.  No such law is implicated in this case.

    Moreover, Mr. Bryan does not have standing to seek relief under any federal criminal law:

> [A] private citizen, such as [the plaintiff], lacks a
> judicially cognizable interest in the federal
> prosecution or non-prosecution of another. . . .
>
> Further, section 547 of title 28 states, in relevant
> part, that "[e]xcept as otherwise provided by law,

> each United States attorney, within his district,
> shall - (1) prosecute for all offenses against the
> United States." . . . Thus, [the plaintiff] does not
> have standing to bring a criminal action in federal
> court because no statute authorizes him to do so.

Akande v. Doe, No. 12-10742-RWZ, 2012 U.S. Dist. LEXIS 65460, at
*3-6, 2012 WL 1658981 (D. Mass. May 10, 2012) (citation
omitted).  Accordingly, the district judge should dismiss Mr.
Bryan's claims seeking relief on the basis of alleged violations
of federal criminal statutes.

        B.    Declaration of Independence

        "The Declaration of Independence does not give rise to a
private right of action to enforce the 'unalienable rights' it
describes."  Rondeau v. Rogers, No. 09-cv-402-JL, 2010 U.S. Dist.
LEXIS 78932, at *7-8, 2010 WL 3070192, at *3 (D.N.H. July 8,
2010), R&R approved, 2010 U.S. Dist. LEXIS 78931, 2010 WL 3070184
(D.N.H. Aug. 4, 2010).  Accordingly, the district judge should
dismiss the claims under the Declaration of Independence.


        C.    Fourth Amendment

        Mr. Bryan asserts violations of his Fourth Amendment right
to be secure against "unreasonable" government searches and
seizures.  U.S. Const. Amend. IV.  This court liberally construes
Mr. Bryan's Fourth Amendment claim as arising from his

allegations that defendants ordered him to produce child support documents.  Mr. Bryan maintained he did not have any relevant documents since no court has ever ordered him to pay child support.  Assuming without deciding that the request for documents at issue could amount to a search or seizure implicating the Fourth Amendment, the claim at issue here is not actionable.

"The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." Arizona v. United States, 567 U.S. 387, 394 (2012).  To be eligible for naturalization, an applicant must be a person of "good moral character" for the requisite time period.  8 U.S.C. § 1427(a)(3).  Under 8 C.F.R. § 316.10(b)(3)(i), in pertinent part, the USCIS may find a person to lack "good moral character," if, without extenuating circumstances, the person willfully failed or refused to support his or her dependent child in the relevant time period.  Id.  In assessing Mr. Bryan's eligibility, defendants' request for child support documents was neither unreasonable nor a violation of the Fourth Amendment, given that Mr. Bryan had filed an application for citizenship disclosing that he had a child.  Accordingly, the district judge should dismiss the Fourth Amendment search and seizure claim.

D.    Seventh, Eighth, Ninth, and Tenth Amendments

Mr. Bryan's citation to the Seventh, Eighth, Ninth, and Tenth Amendments do not provide him with independent bases for obtaining any relief.  The Seventh Amendment protects the right to a civil jury trial.  There are no allegations here regarding a civil jury trial.

> Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  Taken together, these Clauses place "parallel limitations" on "the power of those entrusted with the criminal-law function of government."

Timbs v. Indiana, 139 S. Ct. 682, 687 (2019).  No bail, fines, or criminal punishment are at issue in connection with Mr. Bryan's naturalization application.

Neither the Ninth nor Tenth Amendment provides a right of action here.  The Ninth Amendment "does not itself provide a source of any specific right."  Rondeau, 2010 U.S. Dist. LEXIS 78932, at *11, 2010 WL 3070192, at *4 (citations omitted); see also Martinez-Rivera v. Ramos, 498 F.3d 3, 9 (1st Cir. 2007).

An individual may assert a Tenth Amendment claim if he asserts "injury from governmental action taken in excess of the authority that federalism defines."  Bond v. United States, 564 U.S. 211, 220 (2011).  The plaintiff asserts claims regarding his naturalization application, which does not implicate any power

reserved to the separate states or their citizens.  Cf. Arizona, 567 U.S. at 394 ("The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens.").  Accordingly, the district judge should dismiss the Seventh, Eighth, Ninth, and Tenth Amendment claims.

    E.    Damages for Federal Constitutional Claims

    The absence of a Bivens remedy, see Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcs., 403 U.S. 388 (1971), provides the reason why plaintiff's claims for damages cannot proceed against the USCIS or defendant Monfet based on any alleged violation of his federal constitutional rights.  See generally Tapia-Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003) ("in the absence of a specific statutory authorization . . . the only way in which a suit for damages arising out of constitutional violations attributable to federal action may be brought is under the doctrine of Bivens").  Bivens claims are unavailable against federal agencies, see FDIC v. Meyer, 510 U.S. 471, 486 (1994), and a Bivens remedy is unavailable for the alleged unlawful actions of the USCIS in processing Mr. Bryan's naturalization application.  See Usoh, 2023 U.S. Dist. LEXIS 125972, at *11, 2023 WL 4634955, at *4 ("'the Bivens remedy

should not be extended because, through the Immigration and
Nationality Act ('INA'), Congress has established two remedies
for individuals seeking judicial review of their naturalization
applications,'" namely, 8 U.S.C. §§ 1421(c), 1447(b) (citations
omitted)).  Accordingly, the district judge should dismiss all of
the claims for damages in this case, arising from any claimed
violation of Mr. Bryan's federal constitutional rights.


    F.   <u>New Hampshire Constitution</u>

    The New Hampshire Constitution, in pertinent part,
establishes the rights of citizens of New Hampshire and the
concomitant obligations of the State.  No defendant in this
lawsuit, as to whom any viable claim for relief is stated, is
alleged to be an agent of the State of New Hampshire.  The
federal officers and agencies named as defendants are not agents
of the State.  Accordingly, the claims asserted under the N.H.
Constitution should be dismissed for failure to state a claim
upon which relief can be granted.


                                **<u>Conclusion</u>**

    For the foregoing reasons, the magistrate judge recommends
that T. Monfet, in his individual capacity, should be dropped as

a party, and, except for Mr. Bryan's claims for injunctive relief against the USCIS arising under 8 U.S.C. § 1447(b) and the Fifth Amendment Due Process Clause, all other claims in this case should be dismissed for failure to state a claim upon which relief can be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections to this Report and Recommendation "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

February 27, 2024

cc:  Naseef Bryan, Jr., pro se