UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Naseef Bryan, Jr.

   v.                                                      Civil No. 23-cv-341-LM-AJ
                                                           Opinion No. 2024 DNH 052 P

U.S. Citizenship and Immigration Services

**O R D E R**

Pro se plaintiff Naseef Bryan, Jr. has asked this court to grant his application for citizenship because the defendant U.S. Citizenship and Immigration Services ("USCIS") did not issue a decision on his naturalization application within the time allowed by law. The court screened Bryan's complaint under 28 U.S.C. § 1915(e)(2), dismissed certain claims, and allowed two of Bryan's claims for injunctive relief relating to that delay to proceed in this action: his statutory delay claim, see 8 U.S.C. § 1447(b), and his Fifth Amendment unreasonable delay claim. See June 17, 2024 Order (doc. no. 23) (approving Feb. 27, 2024 Report and Recommendation ("R&R") (doc. no. 8)).

The following matters are currently before the court: USCIS's motion for remand (doc. no. 15), which concedes liability on the statutory delay claim; Bryan's objection to that remand motion (doc. no. 18); and Bryan's two supplemental pleadings, entitled "Motion to Dismiss" (doc. no. 20) and "28 U.S. Code § 1253 – Direct Appeals from Decisions of Three-Judge Courts" (doc. no. 24).[1] The

---

[1] For docketing purposes, the court renamed Bryan's pleading regarding appeals from three-judge courts as Bryan's "Motion for order on appeal from three-judge court and to amend complaint to add claim under 8 U.S.C. § 1503" (doc. no. 24).

government's remand motion states that if the citizenship application is remanded, USCIS is prepared to grant or deny it within 85 days. Bryan's motions (doc. nos. 20, 24) contend, among other things, that this court must promptly declare he is a citizen and impose sanctions upon USCIS.

For reasons set forth below, the court grants USCIS's remand motion (doc. no. 15), as the remand will promote the expeditious resolution of Bryan's citizenship application in a manner that is consistent with pertinent law and the interests of judicial economy without causing unfair prejudice or undue delay. Bryan's two supplemental pleadings (doc. nos. 20, 24) are both denied, for reasons explained more fully below.[2]

## DISCUSSION

I.   USCIS's Motion for Remand

The Immigration and Naturalization Act authorizes USCIS to review and determine whether to grant a person's citizenship application. See 8 U.S.C. §§ 1446, 1447(b). USCIS is required to examine that application and issue its decision within 120 days. Id. § 1447(b); 8 C.F.R. § 335.3(a). If USCIS fails to issue a decision within that time, the applicant may file an action in district court to compel a decision. 8 U.S.C. § 1447(b). The court may either issue a decision on the application or remand the matter to USCIS with appropriate instructions.[3] Id.

---

[2] An interlocutory appeal is pending in this matter. This court retains jurisdiction to rule on the pending motions. See generally United States v. Mala, 7 F.3d 1058, 1060-61 (1st Cir. 1993).

[3] The statutory cause of action for the delayed disposition of a citizenship application is set forth in 8 U.S.C. § 1447(b) as follows:

Here, Bryan alleges that he filed his citizenship application in the Manchester, New Hampshire USCIS field office and a fee waiver application in January 2023. He alleges that a USCIS representative interviewed him in 2023 and directed him to supplement his application with child support documentation, based on his assertions about having a child. USCIS neither granted nor denied Bryan's citizenship application in the months that followed that interview.

Bryan filed this action in July 2023. This court screened Bryan's complaint under 28 U.S.C. § 1915(e)(2), dismissed some claims, and directed USCIS to file a response to the statutory delay claim and the Fifth Amendment unreasonable delay claim. In lieu of an answer, USCIS filed its motion for remand, conceding that the agency had not yet completed its review of the citizenship application, and acknowledging that this court has jurisdiction over the case under 8 U.S.C. § 1447(b).[4]  See doc. no. 15-1 at 2 (defendant's memorandum).

---

> **(b) Request for hearing before district court.**  If there is a failure to make a determination under [8 U.S.C. § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Id. § 1447(b).

[4] It is an open question in the First Circuit as to whether the district court's jurisdiction over the citizenship application is exclusive, or whether USCIS retains concurrent jurisdiction to issue a decision while the federal case is pending. See Aronov v. Napolitano, 562 F.3d 84, 93 & n.14 (1st Cir. 2009) (en banc).  Every federal appellate court that has squarely addressed the issue has decided that the court's jurisdiction under § 1447(b) is exclusive.  See Aljabri v. Holder, 745 F.3d 816, 821

Section 1447(b) allows the court "either [to] determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." 8 U.S.C. § 1447(b). Section 1447(b) thus authorizes this court to remand the matter to USCIS, without adjudicating the merits of Bryan's citizenship application prior to that remand. See Ge v. USCIS, 20 F.4th 147, 155 (4th Cir. 2021).

An order granting the remand motion is warranted here. The remand would allow USCIS to use its institutional expertise to assemble a coherent administrative record and render a decision on the application in the first instance. And this court would likely conserve judicial resources by remanding the matter and allowing the administrative process to conclude before undertaking any further review of plaintiff's eligibility for citizenship.

If the agency grants Bryan's application within the remand period, no further substantial judicial involvement may be needed. But even if de novo judicial review should become necessary after the administrative process concludes (pursuant to 8 U.S.C. § 1421(c)),[5] the remand of this matter will have provided USCIS with an

---

(7th Cir. 2014); see also Haroun v. U.S. Dep't of Homeland Sec., 929 F.3d 1007, 1011 (8th Cir. 2019); Bustamante v. Napolitano, 582 F.3d 403, 408 (2d Cir. 2009); Etape v. Chertoff, 497 F.3d 379, 383–87 (4th Cir. 2007); United States v. Hovsepian, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc); cf. Al-Maleki v. Holder, 558 F.3d 1200, 1205 n.2 (10th Cir. 2009) (noting that "persuasive reasoning of the Ninth and Fourth Circuits casts serious doubt on the Government's concurrent jurisdiction argument"). USCIS does not concede that this court's jurisdiction is exclusive. This court declines to express any opinion on that issue as it is unnecessary to do so to rule on the remand motion.

[5] Under 8 U.S.C. § 1421(c),

> [a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under [8 U.S.C.

4

opportunity to articulate its reasons and create an administrative record. See Khelifa v. Chertoff, 433 F. Supp. 2d 836, 844 (E.D. Mich. 2006) ("any subsequent judicial review . . . would be considerably aided by an agency analysis and explanation as to why it acted as it did"). Courts in other cases have granted a remand on the basis of such considerations. See, e.g., id.

Bryan objects to the proposed remand, citing, among other things, the hardships he has faced to date in getting a job, finding stable housing, and obtaining financial aid, which he attributes to the delayed action on his citizenship application and his lack of government identification. However, a remand would eliminate the prospect of further delays associated with court proceedings—including a possible evidentiary hearing if this court were to review the merits of the citizenship application—and would more likely expedite rather than delay the resolution of the citizenship application.

The 85-day time period requested by USCIS in this case is within the range of time periods established in cases where the agency has already assembled much of the information it needs to approve or deny the application. See, e.g., Hernandez v. Swacina, No. 07-22926-CIV, 2008 WL 11333799, at *1 & n.1, 2008 U.S. Dist. LEXIS 128709, at *3 & n.1 (S.D. Fla. Jan. 29, 2008) (requiring decision within 90 days as FBI had already completed the requisite background check (citing cases imposing 90-day time frame in such circumstances)); Khelifa, 433 F. Supp. 2d at 844-45 (noting USCIS's willingness to make decision within "90 to 120 days" if so ordered,

---

§ 1447(a)], may seek review of such denial before the United States district court for the district in which such person resides . . . . Such review shall be de novo . . . .

and remanding "for a prompt determination in accordance with the assurances offered" by USCIS, where FBI background check was complete); cf. Ge, 20 F.4th at 151 (court imposed 45-day time period to issue decision on application that had been pending for three years, where only missing piece of information was Defense Department background check, which agency had "ample time" to complete); Abdelgalel v. Holder, 398 Fed. App'x 472, 474 (11th Cir. 2010) (court imposed 90-day time period for USCIS decision after two-year delay in processing plaintiff's application).

This court's record includes copies of many documents which appear to be part of USCIS's record pertinent to Bryan's citizenship application. While it is not yet clear to this court that USCIS has all the documentation it requires concerning Bryan's assertions regarding having a child who is not his dependent, USCIS has expressed its ability to complete its review of the citizenship application within 85 days. Absent evidence to the contrary, this court accepts the agency's good faith representations and grants the motion to remand (doc. no. 15), directing USCIS to issue a decision on the application and to file a notice regarding its decision, all within 85 days of the date of this Order.

This court is assured that, having been alerted to the potential impact of further delays on Bryan, USCIS will complete its processing of the application as it has represented. If the agency fails to issue its decision within 85 days, this court, upon motion, will schedule a status conference and may choose to conduct a hearing on the merits of Bryan's application.

II.    <u>Bryan's Motions</u>

Bryan's pleadings, entitled "Motion to Dismiss" (doc. no. 20) and "28 U.S. Code § 1253 – Direct appeals from decisions of three-judge courts" (doc. no. 24), are somewhat difficult to follow. He appears to seek, among other things, a decision of a three-judge court; a declaration that Bryan is already a U.S. citizen and/or the amendment of his complaint to assert a claim under 8 U.S.C. § 1503;[6] and the imposition of sanctions upon USCIS under Fed. R. Civ. P. 11.

The record here presents no grounds for imposing sanctions on USCIS under Rule 11 or any other authority.  This case does not involve claims within the jurisdiction of a three-judge court or grounds for appealing a decision of a three-judge court.  And Bryan (whose naturalization application remains pending) has not pleaded any facts regarding a final agency action denying him a right or privilege, or other facts which must be alleged to state a claim under § 1503.  See Parham v. Clinton, 374 Fed. App'x 503, 504 n.2 (5th Cir. 2010); Vilardell v. USCIS, No. 11 Civ. 5765 (CM), 2013 WL 749508, at *3, 2013 U.S. Dist. LEXIS 29544, at *8 (S.D.N.Y. Feb. 28, 2013) ("In order to sustain a claim for declaratory relief under 8 U.S.C.

---

[6] The cited statute, 8 U.S.C. § 1503, provides, in pertinent part, as follows:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action [for a declaratory judgment], against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . .  An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege . . . .

8 U.S.C. § 1503(a).

§ 1503(a), a plaintiff must assert a right or privilege as a national against an administrative agency and subsequently face a 'final administrative denial' of said right or privilege."). Accordingly, the court denies both of Bryan's motions (doc. nos. 20, 24).

III.    Remaining Issues

The two claims remaining in this case are the statutory delay claim under 8 U.S.C. § 1447(b) and a Fifth Amendment due process claim of unreasonable delay. No later than fourteen days after it grants or denies Bryan's application, USCIS must either file a dispositive motion on those claims or notify this court why a dispositive motion has not been filed within that time period.

## CONCLUSION

For the foregoing reasons, the court directs as follows:

1.    USCIS's motion to remand (doc. no. 15) is granted.  USCIS must grant or deny Bryan's naturalization application, and file a notice of that determination, within 85 days of the date of this Order.  If Bryan's application is not granted or denied by that date, this court, upon proper motion, will schedule a status conference and may choose to exercise jurisdiction over the merits of the application.

2.    No later than fourteen days after the date when USCIS grants or denies Bryan's application, USCIS must file either a dispositive motion regarding the claims remaining in this case or a notice explaining why a dispositive motion has not been filed within that time period.

      3.      The court denies Bryan's two supplemental pleadings (doc. nos. 20 & 24).

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

July 2, 2024

cc:    Naseef Bryan, Jr., pro se
        Anna Dronzek, Esq.